UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Taylor Corporation, and
Travel Tags, Inc.,

Plaintiffs,

Civ. File No. 01-762 (PAM/JGL)

v.

**MEMORANDUM AND ORDER**

Microthin.com, Inc.,

Defendant.

---

This matter is before the Court on Defendant's Motion to Dismiss or, in the alternative, to Transfer Venue. For the reasons that follow, the Motion is denied.

**BACKGROUND**

Defendant Microthin.com, Inc. ("Microthin") is the assignee of a patent for an ultra-thin computer mouse pad and a patent for the process for manufacturing that mouse pad. In May 2000, a representative of Microthin visited the Inver Grove Heights plant of Plaintiff Travel Tags, Inc. ("Travel Tags"), which is a wholly owned subsidiary of Plaintiff Taylor Corporation. The purpose of the meeting was to discuss the possibility that Travel Tags might manufacture the ultra-thin mouse pad for which Microthin had a patent.

The parties were unable to reach an agreement. Subsequently, Travel Tags began manufacturing an ultra-thin mouse pad. Believing that Travel Tags' mouse pad infringes Microthin's patent, Microthin sent Travel Tags a cease and desist letter on April 26, 2001. That letter requested that Travel Tags cease the manufacture of the allegedly infringing mouse

FILED SEP 12 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

pad, and stated that, if Travel Tags refused promptly to comply, Microthin would file suit for patent infringement in federal court within ten days of the date of the letter.

Five days after receiving the letter, Plaintiffs filed the instant declaratory judgment action. Plaintiffs seek a declaration that they are not infringing Microthin's patents and a declaration that their actions do not constitute unfair competition or other state-law torts. Two days after Plaintiffs filed this action, Microthin filed a patent infringement action against Plaintiffs in the Northern District of Illinois. Microthin now asks the Court to dismiss this action in favor of the Illinois action, or to transfer the case to Illinois on the basis of forum non conveniens.

**A. Motion to Dismiss**

The parties dispute the correct standard to be applied to declaratory judgment complaints filed preemptively in patent matters. According to Plaintiffs, the law of the Federal Circuit in Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931 (Fed. Cir. 1993), governs the dispute. In Genentech, the Federal Circuit held that courts in patent cases should prefer the forum of the first-filed action, whether or not that action is a declaratory action or an infringement action. Genentech, 998 F.2d at 937. This preference should maintain unless "considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." Id.

Microthin asserts that Genentech was overruled by the Supreme Court in Wilton v. Seven Falls Co., 515 U.S. 277 (1995). In Wilton, the Court upheld the district court's decision

to stay a first-filed declaratory judgment action in favor of parallel state-court litigation. 515 U.S. at 282. In making this determination, the Supreme Court held that the de novo standard of review for declaratory judgment matters was not deferential enough, and overruled contrary precedent, including Genentech. Id. at 289.

Thus, Microthin is correct that Wilton overruled a portion of the holding in Genentech. However, Wilton did not overrule, or even discuss, that part of the holding in Genentech that is relevant to the instant case, namely the Federal Circuit's decision that the first-filed rule should be applied in patent cases. Moreover, Wilton did not involve a patent, but instead involved an insurance coverage dispute. In Wilton, the Supreme Court did not have occasion to revisit the Federal Circuit's substantive decision, nor has the Court done so in the interim. Thus, the relevant holding of Genentech, at least as applied to patent cases, is still good law.

In essence, Microthin contends that this Court should dismiss Plaintiffs' action because, according to Microthin, Plaintiffs have engaged in forum shopping and are attempting to usurp Microthin's choice of forum. The "evidence" in support of this theory is the fact that Plaintiffs filed suit only five days after receiving Microthin's letter threatening suit. However, the very purpose of the Declaratory Judgment Act is "to enable a person who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side." BP Chem. Ltd. v. Union Carbide Corp., 4 F.3d 975, 977 (Fed. Cir. 1993).

In the usual case, however, a declaratory judgment plaintiff files suit because it is to

the advantage of the patent owner to delay its own infringement litigation, for the purposes of negotiation or the like. Id. Here, to the contrary, there was no indication that Microthin intended to delay its infringement action, and in fact Microthin stated its intention to file suit within ten days of its letter. Thus, some of the concerns meant to be addressed by the Declaratory Judgment Act are not found here.

Prior to the hearing in this matter, Microthin wrote to the Court with new information Microthin claims mandates a dismissal of this action. According to Microthin, an Illinois resident named Ursula Kief-Baker claims to be an inventor of the patents at issue. Microthin has amended its complaint in the Illinois action to include Ms. Kief-Baker as a defendant. The implication of Microthin's amendment is that Ms. Kief-Baker is an indispensable party who is not subject to this Court's jurisdiction. At the hearing, Plaintiffs argued that there is no evidence that Ms. Kief-Baker is claiming any interest in the patents, or that she is in fact not subject to jurisdiction in Minnesota. In any event, according to Plaintiffs, even assuming that she is an indispensable party, the determination of whether she is subject to this Court's jurisdiction is premature. The Court agrees. If Ms. Kief-Baker is indispensable to the instant litigation, Microthin may seek to join her. If she is not subject to the Court's jurisdiction, she may raise that as a defense to the joinder, and the Court will determine the issue at that time.

The parties agree that whether to dismiss Plaintiffs' complaint is within the sound discretion of the Court. Having reviewed the parties' submissions, the Court is convinced that Plaintiffs are not attempting to "forum shop." Thus, the rule in Genentech applies.

"[C]onsiderations of judicial and litigant economy, and the just and effective disposition of disputes" do not require a dismissal, and in fact weigh against dismissing this action. Genentech, 998 F.2d at 937. The Court therefore declines to dismiss Plaintiffs' first-filed Complaint.

**B. Forum Non Conveniens**

In the alternative, Microthin seeks to transfer venue of this action to the Northern District of Illinois. Microthin claims that the interests of justice and the convenience of witnesses mitigate for a transfer, but Microthin does not elaborate on these assertions. "[Defendant's] conclusory statements that transfer . . . would promote convenience and the interests of justice do not suffice." United Mortgage Corp. v. Plaza Mortgage Corp., 853 F. Supp. 311, 315 (D. Minn. 1994) (Doty, J.). Microthin has not established that a transfer of venue is appropriate, and the Court denies Microthin's Motion.

**CONCLUSION**

Accordingly, based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or, in the alternative, to Transfer Venue (Clerk Doc. No. 9) is **DENIED**.

Dated: September 11, 2001

Paul A. Magnuson
United States District Court Judge

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500